IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LUZZI,                          )
                                        )
                    Plaintiff,          )
                                        )
        -vs-                            )        Civil Action No.   16-254
                                        )
NANCY A. BERRYHILL,[1]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
        Defendant.                      )

AMBROSE, Senior District Judge


## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).   Both parties have filed briefs in support of their motions. (ECF Nos. 10 and 12).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act").   Plaintiff filed his application alleging he has been disabled since September 1, 2012.  (ECF No. 5-6, p. 2).   Administrative Law Judge ("ALJ"), William E. Kenworthy, held a hearing on February 3, 2014.  (ECF No. 5-2, pp. 24-58).   On October 20, 2014, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 5-2, pp. 12-19).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Residual Functional Capacity ("RFC") [2] and Hypothetical Questions

Plaintiff argues that the RFC is inconsistent with the hypothetical questions presented to the Vocational Expert ("VE").  (ECF No. 10, pp. 7-10).  Specifically, Plaintiff suggests that the ALJ found an RFC that limited Plaintiff to jobs that would not require "good binocular vision," but the ALJ failed to include this limitation in the hypothetical question he presented to the VE.  *Id., citing* ECF No. 5-2, p. 16.  As such, Plaintiff reasons that the step five finding is unsupported by substantial evidence. *Id.* Additionally, Plaintiff argues that the term "good binocular vision" is too

---

[2]  RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

vague as to determine what jobs could be performed with such an RFC. *Id.* at p. 9. Finally, Plaintiff suggests that this court cannot make a meaningful review because the VE did not provide Dictionary of Occupational Titles ("DOT") codes for the jobs that the VE testified Plaintiff could perform. *Id.* at pp. 9-11. Thus, Plaintiff submits that remand is warranted. *Id.* After a review of the evidence, I disagree.

With regard to Plaintiff's first contention, an ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). To that end, there is no requirement that the language in the RFC exactly match the hypothetical question posed to the VE. In this case, the ALJ asked the VE to "assume an individual the claimant's age, education, and work experience, who would be capable of performing work at the light exertional level, ..., **because of monocular vision** he should not be required to perform any tasks that would involve depth perception, and he should not be exposed to heights or hazardous operations…." (ECF No. 5-2, p. 40)(emphasis added). This hypothetical, if anything, is more limiting than a person that does not require "good binocular vision." Thus, I find that it fairly and accurately includes an individual with an RFC that does not require "good binocular vision." Thus, based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 5-2, p. 16). Consequently, I find no error in this regard.

With respect to Plaintiff's second contention that the term "good binocular vision" is too vague as to determine what jobs could be performed with such an RFC, I disagree. The VE in this case did not question the ALJ's more limiting hypothetical person with monocular vision and was able to list several jobs that exist in significant numbers in the national economy that such a person could perform. (ECF No. 5-2, pp. 40-43). Thus, I find no merit to this argument.

As to Plaintiff's last contention that remand is required because the VE did not provide the

DOT codes, I have found no case law or regulation, and Plaintiff cites to no case law or regulation, in support of the same. (ECF No. 10, pp. 9-11). In fact, case law in this district has consistently held a VE is not required to provide the DOT codes. *See, Tirpak v. Colvin,* 2014 WL 709977, at *12 (W.D. Pa. Feb. 25, 2014); *Shannon v. Colvin,* 2014 WL 266805, at *16 (W.D. Pa. Jan. 23, 2014); *Strong v. Comm'r of Soc. Sec.*, 2013 WL 5671267, at *6 (W.D. Pa. Oct. 16, 2013); *Mistick v. Colvin*, 2013 WL 5288261, at *3 (W.D. Pa. Sept. 18, 2013); *Nahory v. Colvin,* 2013 WL 3943512 at *3 (W.D.Pa. Jul. 30, 2013). Rather, pursuant to SSR 00–4p an ALJ is required to ask the VE about possible conflicts with their testimony and the DOT and if a conflict exists then ALJ should request an explanation about the same on the record. *Nahory,* 2013 WL 3943512, at *3. Thereafter, the ALJ should explain the resolution of the conflict in the opinion. *Id.* The ALJ in this case did just that. (ECF No. 5-2, p. 41). He asked the VE if his testimony was consistent with the DOT and the VE answered that it was. *Id.* There was no need for any further inquiry. Accordingly, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LUZZI,                            )
                                          )
            Plaintiff,                    )
                                          )
      -vs-                                )        Civil Action No.   16-254
                                          )
NANCY A. BERRYHILL,[3]                    )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
            Defendant.                    )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of February, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

_____
[3]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.